## George P. Tenney v. George E. Hand.

*Mistake: Title: Caveat emptor.* Where one who has been made defendant to a foreclosure suit as subsequent purchaser, believing he had title to the premises, has agreed, in consideration of an extension of time for two years, personally to pay the decree, he cannot avoid liability on his undertaking by a showing that his title to the premises had proved defective, and that he had made the agreement upon the belief that his title was good; such a case is a plain one for the application of the rule *caveat emptor.*

*Submitted on briefs April 20.      Decided April 30.*

Error to Wayne Circuit.

*Ward & Palmer*, for plaintiff in error.

*Walker & Kent*, for defendant in error.

PER CURIAM:

In this case Tenney, claiming title to a lot eighteen feet front, was made defendant to a foreclosure suit by Hand, who held two mortgages given by the party under whom Tenney claimed to derive title. After Hand had obtained decree Tenney bargained with him for time, and in consideration that Hand would give two years' time for payment, agreed by a proper instrument in writing that he would personally pay the amount of the decree.

It appears that in point of fact Tenny was mistaken in supposing that he owned all the land. His title proved defective to ten feet of it. Hand was equally ignorant of the defect, and both parties bargained on the supposition that Tenney was owner of the equity of redemption to the whole. Having obtained the time bargained for, Tenney now makes this erroneous belief of the parties in the goodness of his title a ground of defense to his agreement. In our opinion it constitutes no defense.

The case is merely that of a party who has bought a claim which proves not to be as valuable as he expected.

In this case the defect is not so much in the thing bought, as in a title lying back of it, which the purchaser expected to make good by means of it. No guaranty or covenant was given by Hand, and if the defense is good, it is difficult to understand why it would not have been good had the bargain been for a quit-claim deed, which Tenney erroneously supposed would perfect some previous title. It seems to us a plain case for the application of the rule *caveat emptor*. If Tenney did not expect to take the claim at his own risk, he should have bargained for covenants. There is no putting Hand *in statu quo*. The time bargained for has already been obtained. If it were otherwise, however, we think the agreement would have been equally binding.

The judgment must be affirmed, with costs.